UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Delkor Systems, Inc.,

Plaintiff,

v.

Pratt Industries, Inc. and
Pratt Retail Specialties, LLC,

Defendant.

Case No. 25-cv-306

**COMPLAINT**

Plaintiff Delkor Systems, Inc. (“Delkor”), by and through its undersigned attorneys, for its Complaint against Pratt Industries, Inc. and Pratt Retail Specialties, LLC (collectively, “Pratt”), states and alleges as follows:

**INTRODUCTON**

1. For over 50 years, dating back to 1973, Delkor Systems has been offering innovative ways to package products for sale to the public. Delkor has been a leader in advancing the thinking and technology behind creative and efficient ways of putting food and other consumer products into packaging that is easy for stores to use and attractive to those stores’ customers. Among Delkor’s innovations is its patented and trademarked Cabrio Case® shipping container described in the Factual Background section below. U.S. mass merchandisers used nearly a *billion* Delkor Cabrio Case® shipping containers last year because Delkor’s innovation provides a “retail ready” package with a machine-cut tray front and a perfect shelf appearance.

2. Pratt, with over ten thousand employees, is a very large packaging company—by its own claim, the fifth-largest corrugated packaging company in the United States. Pratt, among other things, manufactures and sells corrugated and cardboard materials for use in packaging products for distribution to retailers and sale to the public. Recently, Pratt has introduced to the market a new packaging option that is a flagrant rip-off of Delkor's patented Cabrio Case® shipping container.

3. After Pratt introduced its new packaging option, Delkor reached out to Pratt to discuss Delkor's patents and Pratt's new packaging option, but Pratt dismissed Delkor's concerns and continued to sell this packaging option that infringes Delkor's patents.

4. Pratt's conduct threatens Delkor's business to its very core, so Delkor is bringing this lawsuit to stop the infringement and recover what has already been lost.

**PARTIES, JURISDICTION, AND VENUE**

5. Delkor is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

6. Pratt Industries, Inc. ("Pratt Industries") is a Delaware corporation with its principal place of business in Conyers, Georgia.

7. Pratt Retail Specialties, LLC ("Pratt Retail") is a Delaware limited-liability company with its principal place of business in Conyers, Georgia.

8. This action arises under the patent laws of the United States, Title 35 of the U.S. Code. Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Pratt Industries because Pratt Industries has a physical presence in Wisconsin (a corrugating facility in Beloit) and regularly conducts business in Wisconsin.

10. This Court has personal jurisdiction over Pratt Retail because Pratt Retail is registered with the Wisconsin Secretary of State's Office and, on information and belief, has a physical presence in Wisconsin and regularly conducts business in Wisconsin.

11. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, Pratt has committed infringing acts in this district and has conducted and continues to conduct ongoing business in this district, where it has at least one regular and established physical place of business.

## FACTUAL BACKGROUND

### *Delkor and Cabrio Case®*

12. Delkor was founded in 1973 as a manufacturer of corrugated-case packing and paperboard-carton packing equipment. Over the past 52 years, Delkor has earned a reputation as a leading U.S. manufacturer of this type of equipment and has brought to market many equipment and package innovations. Dale Andersen, Delkor's current President and Owner, has been with the company since 1988 and believes that Delkor's most significant innovation in its history as an original equipment manufacturer of case-packing equipment has been the Cabrio Case® for "retail ready" packaging.

13. First used by Walmart in 2016 for Walmart's Great Value cheese products, the Cabrio Case® has grown to become Walmart's primary package for displaying cheese in all of its United States stores. Here is an example:



14. Today, over 50% of all cheese sold by Walmart in the U.S. is shipped to market in a Delkor Cabrio Case® that was packaged by a Delkor case packer. Cabrio Case® is also used by Walmart for many other product categories such as candy, protein, frozen foods, refrigerated foods, nuts, and non-food products.

15. As a direct result of Cabrio Case®'s popularity as a "retail ready" package for mass merchandisers, Delkor has tripled its case-packing business. The company is now one of the largest corrugated-case-packing manufacturers in the U.S. with over 300 employees working from its 300,000 square foot manufacturing campus in St. Paul, Minnesota.

16. Delkor's Cabrio Case® shipping-container design meets the industry's needs by providing a case blank (a single blank of corrugated material) with a single tear

line positioned such that perforation and tears are not visible on the customer-facing side of the package. This makes it easy to convert the container to a clean, eye-catching "retail ready" display tray, as shown in the below sequence of photos:

17. Delkor specializes in the design and manufacture of packaging solutions that typically rely upon and utilize a single piece of corrugated packaging material (the case blank) from which the eventual packaging container is formed. Emphasizing the use of single case blanks to form sturdy, durable package assemblies—and in regard to the Cabrio Case® shipping containers, durable package assemblies that are easily convertible into a "retail ready" display—has made Delkor synonymous with packaging solutions that maximize efficiency and minimize waste.

18. Since their introduction in 2013, Cabrio Case® shipping containers, and the case blank from which each container is formed, have been embraced by major retailers (including Walmart, Kroger Foods, Costco, Aldi, and others) and manufacturers (such as General Mills, Jack Links, Fisher Nuts, and others). Providing its customers with packaging lines that are adapted to assemble and load containers such as Cabrio Case® "retail ready" shipping containers has become the core of Delkor's business and is key to its continued growth.

***Delkor's Patents***

19. Delkor has patented its Cabrio Case® technology in a family of four issued U.S. patents and several corresponding international patents. That family of patents includes the two patents discussed below—U.S. Patent Nos. 9,555,919 and 10,421,580 (the "Asserted Patents").

20. On January 31, 2017, the United States Patent and Trademark Office issued United States Patent No. 9,555,919 (the "'919 patent"), titled "Convertible Package Assembly and Display System" to Delkor, the assignee of inventors Richard J. Gessler, Jr. and Kevin B. Weiss. A true and correct copy of the '919 patent is attached as **Exhibit A**.

21. The '919 patent has not expired and is in full force and effect.

22. The '919 patent's claims are valid and enforceable.

23. On September 24, 2019, the United States Patent and Trademark Office issued United States Patent No. 10,421,580 (the "'580 patent"), titled "Convertible Package Assembly and Display System" to Delkor, the assignee of inventors Richard J.

Gessler, Jr. and Kevin B. Weiss. A true and correct copy of the ’580 patent is attached as **Exhibit B**.

24. The ’580 patent has not expired and is in full force and effect.

25. The ’580 patent’s claims are valid and enforceable.

26. The Asserted Patents’ Abstracts are identical to each other and state as follows:

> A package assembly suitable for use in storing and shipping a plurality of product containers includes a shipping configuration and a display configuration. In the shipping configuration the package assembly is constructed from a single blank of packaging material and formed into a case into which a plurality of product containers are inserted. In the display configuration a top portion of the case is removed from a bottom portion of the case along one or more tear lines on the blank.

27. Delkor complies, and at all relevant times has complied, with the marking requirements of 35 U.S.C. § 287 related to the Asserted Patents.

28. The Asserted Patents are critically important to Delkor’s business as they claim unique aspects of the Cabrio Case® package assembly and the case blank from which the package assembly is formed.

***Pratt’s Product***

29. In 2024, upon information and belief, Pratt came onto the marketplace with a convertible “retail ready” package (the “Accused Product”) for the packaging, shipping, and display of Great Value brand pizza, sold by Walmart and completed by Palermo’s pizza in Milwaukee, Wisconsin.

30. Delkor acquired a sample of Pratt’s Accused Product from a Walmart store located in Minnesota. Here are two photos of the sample:


 

31. Pratt's Accused Product infringes the Asserted Patents.

**COUNT I — PATENT INFRINGEMENT ('919 patent)**

32. Delkor incorporates and realleges by reference paragraphs 1 through 31 as if fully set forth here.

33. Pratt has had constructive notice of the '919 patent since it issued on January 31, 2017.

34. Pratt has had actual knowledge of the '919 patent at least since May 29, 2024, when Delkor wrote to Pratt about the '919 patent (and others). Delkor and Pratt exchanged correspondence about the patents.

35. Despite receiving ample, repeated notice of the '919 patent, Pratt continued selling the Accused Product and to this day continues to do so.

36. Pratt has infringed and continues to infringe the '919 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the assembly claimed in that patent. Pratt's infringement of the '919 patent includes but is not limited to infringement under 35 U.S.C. §§ 271(a) and 271(c).

37. Pratt's infringement of the '919 patent has harmed and continues to harm Delkor and will cause irreparable injury and damage to Delkor unless the Court enjoins Pratt from infringing the patent.

**COUNT II — PATENT INFRINGEMENT ('580 patent)**

38. Delkor incorporates and realleges by reference paragraphs 1 through 37 as if fully set forth here.

39. Pratt has had constructive notice of the '580 patent since it issued on September 24, 2019.

40. Pratt has had actual knowledge of the '580 patent at least since May 29, 2024, when Delkor wrote to Pratt about the '580 patent (and others). Delkor and Pratt exchanged correspondence about the patents.

41. Despite receiving ample, repeated notice of the '580 patent, Pratt continued selling the Accused Product and continues to do so to this day.

42. Pratt has infringed and continues to infringe the '580 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the blank claimed in that patent. Pratt's infringement of the '580 patent includes but is not limited to infringement under 35 U.S.C. §§ 271(a) and 271(c).

43. Pratt's infringement of the '580 patent has harmed and continues to harm Delkor and will cause irreparable injury and damage to Delkor unless the Court enjoins Pratt from infringing the patent.

WHEREFORE, Delkor prays for the following judgment and relief:

a. A judgment in Delkor's favor and against Pratt;

b.     A judgment that Pratt has infringed and is infringing U.S. Patent No. 9,555,919;

c.     A judgment that Pratt has infringed and is infringing the U.S. Patent No. 10,421,580;

d.     A permanent injunction barring Pratt and its agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of U.S. Patent No. 9,555,919;

e.     A permanent injunction barring Pratt and its agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of U.S. Patent No. 10,421,580;

f.     An order compelling Pratt to make an accounting of its sales, profits, royalties, and damages owed to Delkor, including but not limited to a post-judgment equitable accounting for its infringement following the period of damages established by Delkor at trial;

g.     An order that Pratt account for and pay to Delkor all damages that are available pursuant to 35 U.S.C. § 284;

h.     An order compelling Pratt to pay to Delkor pre-judgment and post-judgment interest;

i.     An award to Delkor of its costs, fees, and expenses; and

j.     Any other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Delkor demands a jury trial on all issues so triable.

Date: April 18, 2025.

STAFFORD ROSENBAUM LLP

By: s/ Jessica C. Mederson
Jessica C. Mederson, SBN 1087910
222 West Washington Avenue, Suite 900
Madison, WI 53703-2744
Phone: 608.256.0226
Facsimile: 608.259.2600
Email: jmederson@staffordlaw.com

Robert J. Gilbertson*
David J. Wallace-Jackson*
Virginia R. McCalmont*
Jay R. Strandjord*
FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP
225 South 6th Street, Suite 1500
Minneapolis, MN 55402
Phone: 612.474.3300
Facsimile: 612.474.3303
Email: bgilbertson@forsgrenfisher.com
dwallace-jackson@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jstrandjord@forsgrenfisher.com
* *pro hac vice* motions forthcoming

*Attorneys for Plaintiff Delkor Systems, Inc.*