IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DELKOR SYSTEMS, INC.,

                Plaintiff,

    v.

PRATT INDUSTRIES, INC.,
PRATT RETAIL SPECIALTIES, LLC, and
PRATT (BELOIT CORRUGATING), LLC,

                Defendants.

OPINION and ORDER

25-cv-306-jdp

---

In this patent infringement action, defendants move to dismiss plaintiff Delkor Systems, Inc.'s second amended complaint for two reasons. First, they contend that this judicial district is an improper venue for defendants Pratt Industries, Inc. and Pratt Retail Specialties, LLC. Second, they contend that Delkor's second amended complaint doesn't give them fair notice of Delkor's claims against them. The court will deny defendants' motion to dismiss because Delkor's second amended complaint sufficiently alleges that venue is proper as to all three defendants and puts defendants on notice of Delkor's patent infringement claims.

ANALYSIS

**A. Venue**

Patent infringement actions must be brought in the judicial district (1) where the defendant resides; or (2) where the defendant has committed acts of infringement *and* has a regular and established place of business. 28 U.S.C. § 1400(b). Under § 1400(b), an entity "resides" in the state in which it was formed. *See TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 581 U.S. 258, 270 (2017); *In re Google LLC*, 949 F.3d 1338, 1340 (Fed. Cir. 2020). It is

undisputed that Pratt Industries and Pratt Retail are Delaware entities, so they don't reside here for venue purposes. Dkt. 36, ¶¶ 7–8. As a result, venue is proper only if Pratt Industries and Pratt Retail committed acts of infringement in this district and have a regular and established place of business here. Usually, these are separate inquiries. But the inquiries collapse into one in this case because Delkor alleges that the infringing acts took place at a single place of business: a facility in Beloit, Wisconsin.

Delkor has alleged facts showing that the Beloit facility is a place of business of Pratt Industries and Pratt Retail. Delkor alleges that both Pratt Industries and Pratt Retail have "a physical presence in Wisconsin (a corrugating facility in Beloit where [Pratt Industries and Pratt Retail] employees work) and regularly conduct[] business in Wisconsin." Dkt. 36, ¶¶ 11–12. This allegation might not be sufficient on its own to establish venue. *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). But Delkor alleges that the accused product has the words "Pratt Industries (USA)" and "Beloit, WI" printed on it. Dkt. 36, ¶ 39. And Delkor asserts that the Beloit facility is listed on Pratt Industries' website and that the exterior of the Beloit facility has a sign stating, "Pratt Industries Corrugating Division." Dkt. 47, at 13–15.[1] Delkor also alleges that Pratt Retail has sought applicants for machine assistant jobs located in Beloit. Dkt. 36, ¶ 15. These are representations by Pratt Industries and Pratt Retail that plainly suggest that they have a place of business in this district. *See In re Cray*, 871 F.3d 1355, 1363–64 (Fed. Cir. 2017). It is reasonable to infer from these

---

[1] The court uses the term "asserts" rather than "alleges" because these unproven statements appear in Delkor's opposition rather than its second amended complaint. The statements aren't evidence because Delkor didn't file a foundational affidavit attesting to them. In any event, defendants don't dispute the representations or otherwise object to their admissibility, so the court will accept them as true.

representations that the Beloit facility is a place of business of Pratt Industries and Pratt Retail. Delkor has met its burden of showing proper venue.

Defendants resist this conclusion. They mount a corporate structure defense, contending that Pratt Industries and Pratt Retail aren't proper parties because they are distinct entities from defendant Pratt (Beloit Corrugating), LLC. Defendants provide the declaration of their senior corporate counsel, John G. Nelson. Nelson avers that neither Pratt Industries nor Pratt Retail own or operate the Beloit facility or employ anyone who works in the Beloit facility. Dkt. 42, ¶¶ 7, 9. Nelson avers that Beloit Corrugating owns and operates the Beloit facility, employs all the employees who work there, contracts directly with its own customers to sell the goods manufactured there, and handles all purchasing orders and invoices related to sales of those goods. *Id.*, ¶ 4.

But at the pleading stage, the court must accept Delkor's venue allegations as true unless evidence submitted by the defendant clearly and indisputably refutes those allegations. *See Westech Aerosol Corp.*, 927 F.3d at 1382; *In re Medtronic, Inc.*, No. 2022-107, 2021 WL 6112980, at *2 (Fed. Cir. Dec. 27, 2021) (per curiam) (involving the "acts of infringement" element). Nelson's declaration doesn't directly contradict Delkor's allegations about activities by Pratt Industries and Pratt Retail in Beloit, much less do so clearly and indisputably. Defendants might believe that there isn't a genuine dispute regarding whether Pratt Industries and Pratt Retail were involved in the infringing acts, but that is an issue for summary judgment.

Defendants request in the alternative that the court transfer this case to the District of Delaware. Dkt. 41, at 10–15. Transfer would resolve any dispute about venue for Pratt Industries and Pratt Retail. But the court agrees with Delkor: "[t]his dispute, in every meaningful way, belongs to the Western District of Wisconsin." Dkt. 47, at 24. Delkor alleges

that defendants and their employees committed acts of infringement at a facility in this district and sold the accused products to customers in Wisconsin. Transferring this lawsuit to Delaware under 28 U.S.C. § 1404(a) would make no sense.

## B.  Notice

Defendants also move to dismiss Delkor's second amended complaint for failing to give them proper notice of Delkor's claims against them. Specifically, defendants contend that Delkor's second amended complaint "entirely comprises assertions aimed, without specificity, at all Defendants as a whole." Dkt. 41, at 9.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Seventh Circuit law governs whether a complaint satisfies Rule 8. *Rozenblat v. Kappos*, 345 F. App'x 601, 603 (Fed. Cir. 2009) (per curiam); *see McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). To satisfy Rule 8, a complaint must give the defendant fair notice of the claim the plaintiff is making and the basis for that claim. *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). The complaint must provide clear allegations of how the defendant wronged the plaintiff. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946–47 (7th Cir. 2013).

The allegations in Delkor's second amended complaint satisfy Rule 8. Delkor alleges that: (1) it has patents related to cardboard shipping and display cases; (2) the accused product is a cardboard shipping and display case; (3) the accused product infringes Delkor's patents; and (4) all three defendants and their employees worked in coordination to make the accused product at the Beloit facility and to sell the accused product to Wisconsin customers, such as Palermo's Pizza. *See* Dkt. 36, ¶¶ 16–18, 36–38, 42–43. Those allegations are sufficient to put defendants on notice that Delkor is accusing them of patent infringement.

ORDER

IT IS ORDERED that:

1. Defendants Pratt Industries, Inc., Pratt Retail Specialties, LLC, and Pratt (Beloit Corrugating), LLC's motion to dismiss, Dkt. 40, is DENIED.

2. Defendants' motion to transfer, Dkt. 40, is DENIED.

Entered May 14, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge